OPINION
By BARNES, J.
The above entitled cause is now being determined as an error proceeding by reason of defendant’s appeal on questions of law from the judgment of the Court of Common Pleas of Darke County, Ohio.
Defendant’s notice of appeal stated that the appeal was on questions of law and fact.
Of course, an appellant may not have both appeals heard and determined.
Subsequent to the notice of appeal, defendant proceeded as an error proceeding. From this we de *72 termine that appellant has elected to proceed as an appeal on questions of law.
On February 24, 1940, plaintiff, William F. Arnett, being the equitable owner of a piece of real estate in the town of Rossburg, in Darke ■County, Ohio, on which was located a brick building, entered into a written lease for the described premises with the defendant, Herman Lewis. The written lease, among other things, contained the following provisions:
“To have and to hold the same with the appurtenances, unto the said lessee, from the 26th day of February 1940, for and during the full term of one (1) year next ensuing, and fully to be completed and ended on 'the 25th day of February, 1941; Yielding and paying therefor, during said term the sum of One hundred twenty and no/100 Dollars ($120.00), payable as follows:
$10.00 on February 26, 1940, and $10.00 on the 26th day of each month thereafter.’
“It is further agreed between the parties, that the aforesaid Lessee shall have the option and privilege of purchasing the aforementioned real estate and appurtenances at or before the expiration of the term herein provided for upon payment to the Lessee the sum of $1,000.00. Hotice of intention to exercise said option shall be given by the Lessee to the Lessor in writing.
The Lessor further covenants and ■agrees with the Lessee that the said Lessee keeping and performing the conditions required of him under this lease shall have the option and privilege of renewing this lease for an additional term of one year at an annual rental of $120.00.
The said Lessee hereby agrees with the Lessor that the said Lessee will reimburse the Lessor for all damage and breakage to the chairs and equipment of the Lessor, other than normal wear and usage.”
Defendant entered into said premises on the 26th day of February, 1940, and continuously thereafter occupied and used the same as a dance hall. The property had been so used for some period prior to defendant’s occupancy.
While not specifically mentioned in the lease, a number of chairs and tables were in fact included.
Prior to the expiration of the term of the lease, or on the date of its expiration, no notice was given by the lessee that he intended to exercise the option and privilege of renewing the lease for an additional term of one year. In fact, nothing was said concerning the continuation of the leasehold or its termination by either party.
On February 27, 1941, the lessor demanded the keys and advised the lessee that his term had terminated. Then and there lessee advised lessor that he would not vacate and was intending to retain the premises for a second year.
Lessee had not paid or tendered rent for the first month of the second year at the time he was notified by lessor that the leasehold was terminated. A few days after the 11th of March, 1941, lessee, through his wife, did make a formal offer of the monthly rental of $10.00. This proffer of payment was refused by the lessor.
On March 19, 1941, the plaintiff-lessor commenced his action in the Common Pleas Court against the defendant, praying that the Court declare the pretended lease can-celled and of no effect; that the rights of the parties be determined; that an accounting of the damages suffered by this plaintiff be given; that on final hearing the plaintiff be awarded a mandatory order restoring him to both his real estate and personal property described *73 and set forth in the petition; and for all other relief to which he may be entitled.
The petition specifically alleged' the breakage of chairs and equipment and also damage to the building.
Defendant in his answer set out two separately stated and numbered defenses:
The first defense admitted the existence of the lease on the real estate and his possession thereunder. Further answering, in the first defense, the defendant set out a general denial.
The second defense was in the nature of a cross-petition, although not so designated. In substance it averred that while defendant was occupying the real estate described in the petition, the plaintiff, on or about the 3rd day of March, 1941, removed tables and chairs from said building, which tables and chairs had been included in the lease; that the plaintiff padlocked the building and by reason thereof defendant was damaged in his business, as at the time he was operating a dance hall and used the tables and chairs in said building for serving food and drink to his customers, and that he was further damaged in his business in that the public was advised that the building was padlocked and that he would not be able to continue his business, and by reason thereof the public failed to patronize his place of business. It was further averred that by reason thereof he was damaged in the sum of $500.00.
In the prayer defendant asked that plaintiff’s petition be dismissed and for further relief to which he may be entitled.
The trial court after hearing the evidence, determined the issues in favor of the plaintiff, and on request of defendant, made a separate finding of law and fact.
In the judgment entry it was ordered that a writ of possession is-' sue immediately to the sheriff of Darke County to put the plaintiff in possession of the property, and that plaintiff recover from the defendant the sum of $75.00. The basis for the money judgment is set out in the finding of fact, under specifications 6 and 7. The court held that one dozen chairs were broken or missing and fixed the value thereof at $15.00. The court further held that the reasonable rental value of the premises from the 26th day of February, 1941, to the 6th day of October, 1941, was $60.00. Appeal bond was fixed in the sum of $300.00. In lieu of bond, defendant deposited $300.00 in cash, which deposit was approved by the court and judgment stayed until the final determination of the cause on appeal.
Motion for new trial was filed and overruled. Proper steps were taken by which the case was lodged in our Court.
The defendant has remained in possession of the premises for the full period to which he claims he is entitled.
If this was the only issue involved, the case would be moot, but other issues are presented through which it becomes necessary to determine the legality of defendant’s possession.
If defendant’s possession was illegal, he thereby would be a trespasser and plaintiff would be entitled to recover damages on the supersedeas cash bond for such occupancy or other attending damages.
If defendant’s occupancy was legal, it would then be necessary to determine defendant’s claimed damages under his second defense.
The determination of this question is attended with considerable difficulty. Text writers and compilers of digests state that the various courts in Ohio, as well as in other *74 jurisdictions, are in conflict. A careful analysis of the cases upon which the law compilers base their opinions will disclose that the apparent conflicts are largely due to variance in facts rather than upon conflict of legal principles.
The trial court in his separate finding made the legal determination that the lease executed by the parties was fully performed and terminated on the 25th day of February, 1941; that in order for lessee to avail himself of the option to renew, notice of intention so to do should have been given by the lessee to the lessor during the term of said lease; that the hold-over without notice constituted the lessee a tenant by sufferance and plaintiff, having elected to treat him as a trespasser, that was the only status which he possessed.
Contra this position, counsel for lessee-defendant urge that lessee’s continued possession after the expiration of the first year constituted an election to continue the leasehold for the second period.
The courts are rather uniform, although not unanimous, in determining that the provisions for an extension or for a renewal, which are both provisions for a supplementary term, are sometimes distinguished.
“A provision for an extension operates of its own force to create an additional term, but a provision for a renewal does not of its own force create a new term; it merely creates an obligation to execute a new lease for the additional term.” O. Jur., Vol. 24 (Landlord and Tenant), Sec. 482, p. 1235.
We And this same announcement in substance in American Jurisprudence, Volume 32 (Landlord and Tenant), Section 978.
The option provision of the lease in the instant case provided:
“Shall have the option and privilege of renewing this lease for an additional term of one year, etc.” (Emphasis ours).
Judge Gorman, of the Court of Appeals of Butler County, had this-question under consideration in the case of Harlan v Veidt, 6 Oh Ap (1915) 45. Syllabus 1 reads as follows:
“1. When the lease contains ail-option to tjie lessee to have the term extended, no notice of election to have the term continued is necessary, unless it is required by the terms of the lease.”
At page 50 of the opinion JudgeGorman makes the following observation:
“If it had been a provision for renewal, then notice on Veidt’s part would be necessary in order to entitle him to remain longer. (Jones on Landlord and Tenant, §339).”
Later in the same year, Judge Gorman again had under consideration the question under a different state of facts, In the second case, entitled Gross v Clauss, 6 Oh Ap 140, the option provision stated “that said lessee shall have the privilege of renewing, etc.” From the statement of the case it is ascertained that the lessee remained in possession of the premises without anything being said or done by either of the parties. Rent was paid for a period of three months, at which time lessee notified lessor of his intention to relinquish the premises, but he continued to pay rent for some nine months thereafter. The lessor brought action for the recovering of the rent for the five months. The court makes the following statement on page 142:
*75 “We are of the opinion that thclessee, Gross, by continuing in possession of the premises and paying the stipulated rent, without notifying the lessor of his intention not to make an election to renew, thereby bound himself for the term of four years.”
The court cites with approval the case of Foster v Ellison, 12 C. C., N. S., 399.
In the ease of Mack v Eckerlin, 27 O. C. C., 133, the following pronouncement is made in the first syllabus:
“1. Notice of the tenant’s election to renew must be given at or before the expiration of the term, under a lease containing a privilege of renewal at the expiration of the term.”
At page 134 of the per curiam opinion we find the following:
“It is also contended that under this lease no notice was required of the intention of the tenant to renew the lease, but under the terms of this lease, we think the notice of the tenant’s election to renew the lease should have been given at or before the expiration ■of the term.”
“(18 Am. and Eng. Enc., 2d 693).”
The option provision as set out in the opinion was as follows:
“With the privilege of renewal at 'the expiration of the said three years for another three years at the same rental.”
This case was carried to the Su'preme Court, where the judgment was affirmed without opinion. 75 Oh St, 627.
In the case of Stout v Tobias, 27 Oh Ap 113, Syllabus 1 reads as follows:
“1. Where tenant by terms of lease has a privilege of extension, notice of exercising the election to extend lease is unnecessary, and election is exercised by simply holding over.” (Emphasis ours)
The opinion was by Richards, J., and at page 115, we find the following :
“Counsel for plaintiff in error rely on Mack v Eckerlin, 17 C. D., 133. That case, however, was one in which the lease provided for a renewal, while the case at bar simply gives the tenant the privilege of four additional years, and contains no requirement for a renewal. The authorities are substantially uniform that, where a tenant has the privilege of an extension, no notice is necessary and the election is exercised by simply holding over. Where the lease gives the privilege, of renewal to the tenant, the authorities are in conflict as to whether or not a notice must be given by the tenant prior to the expiration of the original lease.”
Another case in point is that of Ellison v Foster, 6 O. L. R., 666. Again this decision was by Judge Gorman v/hile sitting as Common Pleas Judge in Hamilton County. The action was one for injunction, seeking to enjoin the enforcement of a justice of the peace in an action of forcible detention. Plaintiff’s position was predicated upon a lease “for a term of 3% years from June 12, 1915, and to be fully completed and ended December 11, 1918, but renewable forever on said 11th day of December, 1918, upon an annual rental of $240.00, payable in equal quarterly installments of $60.00 on the 12th day of March, June, September and December.”
While not the principal question under consideration, the' court did *76 consider the option privileges under the lease. On page 669 the court makes the following observation:
“But it is urged by counsel for defendants that the provision in the lease for a renewal is merely a covenant to give a new lease and requires the giving of a new lease for a further term of three and one-half years, and that inasmuch as the lessee failed to exercise his privilege for a new lease before the expiration of the first term, it is now too late and he is not entitled to a renewal of the term. This doctrine may be sound in the case of ordinary leases for a term of years, but the rule does not apply to permanent leasehold estates. See Taylor on Landlord and Tenant, 9th Edition, Section 332; Worthington v Lee, 61 Md., 530; Myers v Silljack, 58 Mr. 319; Jones on Landlord and Tenant, Section 339, page 360.”
It will be noted that Judge Gorman considered the lease in question a perpetual leasehold and that the ordinary provisions for renewal would not apply. This case was carried to the Circuit Court of Hamilton County, and is reported under the following title: Foster et al v Ellison, et al., 12 C. C., (N. S.), 399.
The Circuit Court held that the lessee holding over for twenty days before notice to quit the premises was served, thereby elected to renew. No reference was made to the theory advanced by Judge Gorman.
The legal effect of this holding by the Circuit Court is that the action of the parties by holding over unmolested for a period of twenty days constituted a renewal.
In the ease of Powell v Harrison, 9 O. Dec., Rep., 36, the Hamilton County District Court determined that where premises were rented for one year with the privilege ,of renewing, the hold over for one year and a portion of a second, together with the payment of rent, would constitute an election to continue for the entire year.
The case of Stevenson et al. Exs. v. Slmes, et al., 8 O. Dec., Rep., 566, the District Court of Hamilton County, is only inferentially in point. It does hold, however, that the bare fact of holding over does not constitute a renewal.
In the case of Hoff, et al v Rendigs, et al., 23 O. L. R., 163, Judge Darby, of the Common Pleas Court of Hamilton County, held the law to be that where a lease contained a privilege of renewal at an increased rental, the continued possession and payment of the rent in the increased amount was such conduct as renders unnecessary that notice be given by the lessee of an intention to exercise the renewal privilege.
In Volume 16 Ruling Case Law, Section 389, we find the following:
“A distinction is made between a covenant in a lease for a renewal and a provision therein for the extension of the term at the option of the lessee, the courts treating the latter, upon the exercise of the privilege, as a present demise for the full term to which it may be extended and not a demise for the shorter period with a privilege for a new lease for the extended term.”
Also 16 Ruling Case Law, Section 394:
“By express provision the lessee’s-right to a renewal may be made dependent upon the performance by him of the covenants or agreements, on his part contained in the lease. Thus where the lessor has covenanted to renew in ease the covenants on the tenant’s part, which include a covenant to keep the premises in repair, have been duly performed, keeping the premises in repair is a condition precedent to the obligation to renew.”
*77 Also Section 681:
“Where a tenant holds over after the expiration of his term the landlord may, at his election, treat him as a trespasser, or as a tenant at sufferance. The presumption, ■where a tenant holds over after the expiration of his term, is that his holding over is wrongful, and the mere demand by the landlord for the payment of rent upon a tenant wrongfully holding over does not continue the tenancy and deprive the landlord of his right to treat the tenant as a trespasser; but the receipt of the payment of rent accruing after the termination of the lease will evidence the landlord’s intention to treat the over-holding tenant as a tenant and not as a trespasser.”
It is obvious that the option or privilege of holding over is exclusive to the lessee. After the option is given the lessor has no voice in determining whether or not it will be exercised. Of course, the option or privilege is founded upon contract. The legal principle is well recognized that where a party seeks a remedy under a contract he must show compliance on bis part or a legal excuse for noncompliance.
It will be observed that lessee’s option privilege was conditional:
“Said lessor further covenants and agrees with lessee that the said lessee keeping and performing the conditions required of him under this lease, shall have the option and privilege of renewing this lease for an additional term of one year.”
The lease contained a condition whereby lessee agreed to reimburse the lessor for all damage and breakage of chairs and equipment of the lessor, other than normal wear and tear. The trial court found that one dozen chairs had disappeared or been broken, and fixed the damages at $15.00 for this item. This amount is small, but nevertheless we think that strictly speaking, this amount of damages was payable by the lessee to the lessor before the right of exercising the option would accrue.
It also appears that under the lease the rent was payable in advance on the 26th day of each month. While the option provides for $120.00 a year and says nothing about monthly payments, yet we think that the terms of payment would be the same as provided for the first year. It therefore follows that lessee did not comply with this provision of the lease. Of course, lessor might waive a strict compliance but he did not do. so. On the contrary, he very promptly demanded the keys and advised the lessee that his term was terminated. In our judgment the weight of authority sustains plaintiff’s position.
We determine that the judgment of the trial court should be affirmed and cause remanded for further proceedings according to law.
Costs in this court will be adjudged against the appellant.
GEIGER, PJ., & HORNECK, J.„ concur.